# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHAEL KALKHOFF,

    **Plaintiff,**

  **v.**          **Case No. 21-CV-1153**

PANERA BREAD, LLC, et al.,

    **Defendants.**

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Plaintiff Michael Kalkhoff has filed this lawsuit against his former employer, defendant Panera Bread, and several Panera employees, alleging various types of discrimination, harassment and retaliation. Currently pending before the court is Kalkhoff's Request to Proceed in District Court without Prepaying the Filing Fee.

Having reviewed Kalkhoff's request, the court concludes that Kalkhoff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Kalkhoff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted. However, because the court is granting Kalkhoff's Request to Proceed in

District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept

without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently

detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations in Kalkhoff's complaint. Kalkhoff has filed several complaints in this action: the original complaint on October 6, an amended complaint on October 8, and a second amended complaint on October 25. "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Ducksworth v. Utter*, No. 21-CV-197, 2021 WL 1515474, at *2 (E.D. Wis. Apr. 16, 2021) (quoting *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)). Therefore, the operative complaint here should be the second amended complaint, filed on October 25.

But in the second amended complaint Kalkhoff does not reallege the claims set forth in the either the original or the amended complaints. Indeed, "it appears that

4

rather than proposing a comprehensive amended complaint alleging all claims against all defendants, the plaintiff is attempting to amend his complaint piecemeal—a new defendant here, a new claim there, bit by bit in different pleadings. The rules do not allow such piecemeal amendments." *Ducksworth*, 2021 WL 1515474, at *2 (internal citations omitted); *see also* Civil L.R. (15)(a).

The October 6 complaint alleges employment discrimination, harassment, and retaliation claims under both Title VII and the Age Discrimination in Employment Act (ADEA) and under the Wisconsin Fair Employment Act (WFEA). (ECF No. 1 at 3.) It names Panera Bread and several Panera employees as defendants. (*Id.* at 1-2.) The October 8 complaint, filed as an "Amended Complaint," names only Panera Bread as a defendant. (ECF No. 6 at 2.) It is blank except for a note from Kalkhoff explaining that he had made an error in his October 6 complaint because he failed to check the "Retaliation" box under subsection A of Part III, "Statement of Claim." (*Id.* at 5.) He attached a copy of just that page of the Pro Se Complaint for Employment Discrimination with only that subsection amended, so that the box for "Retaliation" is checked. (*Id.* at 7.) The October 25 complaint, filed as a "Complaint and Request for Injunction," does not directly relate to any of Kalkhoff's employment claims. (ECF No. 8 at 5.) Instead, it takes issue with his settlement discussions with defendant Panera Bread. (*Id.* at 5.) However, it names Panera Bread and several Panera employees as defendants. (*Id.* at 1-2.)

As noted above, this October 25 complaint should be the operative complaint. But "pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). And "[this] court assumes that [Kalkhoff] does not want to abandon his earlier claims." *Ducksworth*, 2021 WL 1515474, at *2. Therefore, this court will treat Kalkhoff's October 6 complaint as the operative complaint, taking notice of the check box amendment that he made in his October 8 complaint.

The claims set forth in the October 25 complaint arise from settlement discussions between Kalkhoff and Panera Bread. (*See* ECF No. 8 at 5.) As a result, they concern different facts than the claims set forth in his October 6 and October 8 complaints. (*See Id.*) Accordingly, they do not belong in this lawsuit. *Cf. Roumann Consulting Inc. v. Symbiont Constr., Inc.*, No. 18-C-1551, 2019 WL 3501527, at *6-7 (E.D. Wis. Aug. 1, 2019). Kalkhoff's October 25 complaint will be disregarded.

Again, Kalkhoff's October 6 complaint alleges employment discrimination, harassment, and retaliation claims under both Title VII and the Age Discrimination in Employment Act (ADEA) and under the Wisconsin Fair Employment Act (WFEA). (ECF No. 1 at 3.) Through an attorney-prepared statement of facts, Kalkhoff describes how one of his female supervisors would "make an effort to touch [his] buttocks or genital area multiple times every shift." (ECF No. 1-3 at 3.) He alleges that he reported

the harassing conduct to his employer but that his employer, defendant Panera Bread, "failed to take appropriate action" in part because "he is a middle-aged male and does not fit the stereotypical profile of a sexual harassment victim." (*Id.* at 1, 4). He also claims that his hours were reduced in retaliation for reporting that conduct to Panera Bread and that Panera Bread claimed that the reduction was in exchange "for added responsibility" in a "a ruse" to cover up this retaliatory demotion. (*Id.* at 7.) He adds that he was eventually forced to leave Panera Bread because of the hour reduction and because of the "emotion toll" of his supervisor's harassing behavior. (*Id.* at 6-7.)

Before filing a lawsuit under Title VII or the Age Discrimination in Employment Act (ADEA), a plaintiff generally must have first filed a timely charge with the Equal Employment Opportunities Commission (EEOC) and received a right to sue letter. *See Houston v. Sidley & Austin*, 185 F.3d 837, 938-39 (7th Cir. 1999). Under either statute, after receiving a notice of right to sue letter a plaintiff then has ninety days to file suit in federal court. 42 U.S.C. § 2000e-5(f)(1).

Although "dismissing an action as untimely at the pleading stage is unusual, [the Court of Appeals for the Seventh Circuit] [has] held that a district court may so proceed under Rule 12(b)(6) if the plaintiff pleads herself out of court by making allegations that conclusively establish the action's untimeliness." *Grzanecki v. Bravo Cucina Italiana*, 408 Fed. Appx. 993, 996 (7th Cir. 2011) (citing *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.

7

2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)). And the Seventh Circuit "see[s] no reason to treat dismissing under § 1915(e)(2)(B) any differently." *Grzanecki*, 408 Fed. Appx. at 996. But the statute of limitations is an affirmative defense, Fed. R. Civ. P. 8(c), and "plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain any information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Kalkhoff alleges the discriminatory acts occurred from October 5, 2016, through March 13, 2017. (ECF No. 1 at 4.) He received his right to sue letter on November 30, 2018. (*Id.* at 5.) That means he had until February 28, 2019, to file his federal court complaint. This action was not filed until October 6, 2021. (*Id.* at 1.) With regard to his claim under the Wisconsin Fair Employment Act (WFEA), Kalkhoff was to file a complaint within 300 days of any incident—that is, by January 7, 2018. *See* Wis. Stat. § 111.39(1). But, again, Kalkhoff did not bring this action until October 6, 2021. (ECF No. 1.)

Kalkhoff appears to have "plead[ed] [him]self out of court," and the petition appears to be untimely filed. However, the doctrine of equitable tolling may save Kalkhoff. "A litigant is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Lee v. Cook County, Ill.*, 635 F.3d 969, 972 (7th Cir.

2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted)). *See also Neal v. Keystone Steel & Wire*, No. 06-1289, 2007 WL 2680946, at *7 (C.D. Ill. Aug. 24, 2007) ("Equitable tolling of the 90-day period of limitation on the filing of an employment discrimination suit under Title VII [']is reserved for situations in which the claimant has either (1) made a good faith error (e.g., brought the suit in the wrong court); or (2) has been prevented from filing in some extraordinary way from filing his complaint in time.'") (quoting *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001)). Therefore, the court will allow Kalkhoff to amend his complaint to add any allegations that may show he is entitled to equitable tolling.

**IT IS THEREFORE ORDERED** that Kalkhoff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Kalkhoff submit an amended complaint with the court no later than **December 6, 2021**, adding any allegations that show he is entitled to equitable tolling. **If Kalkhoff fails to file an amended complaint by December 6, 2021, the court will recommend that this action be dismissed.**

Dated at Milwaukee, Wisconsin this 28th day of October, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge