UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KALKHOFF,

    Plaintiff,

v.                                         Case No. 21-CV-1153

PANERA BREAD CO. LLC.,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Michael Kalkhoff has filed several complaints in this action: the original complaint on October 6, 2021, an amended complaint on October 8, 2021, and a second amended complaint on October 25, 2021. Accompanying Kalkhoff's October 6 complaint was a petition to proceed without prepayment of fees and/or costs, commonly referred to as a motion for leave to proceed in forma pauperis (IFP). (ECF No. 2.) After Kalkhoff consented to the full jurisdiction of a magistrate judge (ECF No. 7), the court reviewed his complaints and motion to proceed IFP. Citing Federal Rule of Civil Procedure 8(e), the court treated Kalkhoff's October 6 complaint as the operative complaint for the purposes of its review. (ECF No. 9 at 6 (citing Fed. R. Civ. P. 8(e)).)

That complaint alleged employment discrimination, harassment, and retaliation claims under both Title VII and the Age Discrimination in Employment Act (ADEA) and under the Wisconsin Fair Employment Act (WFEA). (ECF No. 1 at 3.) Through an attorney-prepared statement of facts, Kalkhoff described how one of his female supervisors would "make an effort to touch [his] buttocks or genital area multiple times every shift." (ECF No. 1-3 at 3.) He alleged that he reported the harassing conduct to his employer but that his employer, defendant Panera Bread, "failed to take appropriate action" in part because "he is a middle-aged male and does not fit the stereotypical profile of a sexual harassment victim." (*Id.* at 1, 4.) He also claimed that his hours were reduced in retaliation for reporting that conduct to Panera Bread and that Panera Bread claimed that the reduction was in exchange "for added responsibility" in a "a ruse" to cover up this retaliatory demotion. (*Id.* at 7.) He added that he was eventually forced to leave Panera Bread because of the hour reduction and because of the "emotion toll" of his supervisor's harassing behavior. (*Id.* at 6-7.)

The court granted Kalkhoff's motion to proceed IFP. (ECF No. 9 at 1.) But the court found that Kalkhoff's complaint appeared "to be untimely filed." (*Id.* at 8.) Specifically, the court explained that

> Kalkhoff alleges the discriminatory acts occurred from October 5, 2016, through March 13, 2017. (ECF No. 1 at 4.) He received his right to sue letter [from the Equal Employment Opportunity Commission] on November 30, 2018. (*Id.* at 5.) That means he had until February 28, 2019, to file his federal court complaint. This action was not filed until October 6, 2021. (*Id.* at 1.) With regard to his claim under the Wisconsin Fair

Employment Act (WFEA), Kalkhoff was to file a complaint within 300 days of any incident—that is, by January 7, 2018. See Wis. Stat. § 111.39(1). But, again, Kalkhoff did not bring this action until October 6, 2021. (*Id.*)

(*Id.*)

The court noted that "the doctrine of equitable tolling may save Kalkhoff" and explained that Kalkhoff could be "entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (ECF No. 9 at 8-9 (citations omitted).) The court then ordered Kalkhoff to submit an amended complaint by December 6, 2021, adding any allegations that show he is entitled to equitable tolling. (*Id.* at 9.) He did not submit an amended complaint by December 6, but he did submit a letter. (ECF No. 10.) The court will review that November 8 letter as if it were an amended complaint and determine whether it is sufficient to proceed under 28 U.S.C. § 1915. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Kalkhoff's letter takes issue with the administrative state and with administrative law judges. He writes, "[i]n our country there is no such thing as an Administrative Law Judge. Only an elected official can render and uphold our United States Constitution. Either you're a Judge or your [sic] not. What Administrative Law Judge DeLaO is doing is illegal." (ECF No. 10 at 1.) He continues, "[t]hese "quasi judicial" organizations are not part of the full-legal spectrum. Having the case heard before an

Administrative Law Judge is like putting a Hershey's in direct sunlight hoping it won't melt. They obfuscate the golden rule and thus create a real despotism. Don't take my word for it though." (*Id.* at 2.) He goes on to cite Thomas Jefferson and Justice Antonin Scalia. (*Id.* at 2.)

As understandable as Kalkhoff's frustrations may be, they do not show that he is entitled to equitable tolling. In short, nothing in his letter shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Therefore, he is not entitled to equitable tolling and his claims under Title VII, the ADEA, and the WFEA must be dismissed.

**IT IS THEREFORE RECOMMENDED** that Kalkhoff's claims under Title VII, the Age Discrimination in Employment Act, and the Wisconsin Fair Employment Act complaint be **dismissed**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 16th day of December, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge