UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KALKHOFF,

    Plaintiff,

v.            Case No. 21-cv-1153-pp

PANERA BREAD CO., JULIE GOODWATER,
JUSTIN SOHL, MELANIE TRIMARCO
and PANERA BREAD CO. LLC,

    Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE (DKT. NO. 3), DENYING AS MOOT PLAINTIFF'S MOTION FOR RECRUITMENT OF COUNSEL (DKT. NO. 4), ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 11) AND DISMISSING CASE**

  On October 6, 2021, the plaintiff, representing himself, filed a complaint alleging employment discrimination. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, a motion for service of process, dkt. no. 3, and a motion to appoint counsel, dkt. no. 4.

  The original complaint, filed October 6, 2021 on a form entitled "Complaint for Employment Discrimination," indicated that the plaintiff was suing for violations of Title VII and the Age Discrimination in Employment Act. Dkt. No. 1 at 3. In the section titled "Statement of Claim," the plaintiff marked the boxes for termination of his employment and unequal terms and conditions of employment; he also wrote in hostile work environment and age. Id. at 4. He indicated that the alleged discriminatory acts occurred between October 2016

1

and March 2017. Id. In the section asking him to state the facts supporting his claims, the plaintiff wrote, "(Enclosed letter from Cross Law)." Id.

The letter to which the plaintiff referred was a July 1, 2019 letter to an officer at the Wisconsin Department of Workforce Development Equal Rights Division from Attorney William Wetzel of Cross Law Firm, S.C., "in response to the questions posed by [the officer] and in response to the false assertions made in Respondent Panera Bread's June 10, 2019 Position Statement." Dkt. No. 1-3 at 1. The eight-page letter indicated that two individuals had subjected the plaintiff to sexual harassment and disparaging attacks. Id. at 1. It alleged that Panera Bread did not adequately address those events in a reasonable time, that it conducted an inadequate investigation, and that it ignored two of his reports of the misconduct. Id. The letter asserted that Panera Bread had dismissed the plaintiff's allegations because he was a "middle-aged male and [did] not fit the stereotypical profile of a sexual harassment victim." Id.

The letter detailed actions by one of the individuals—bringing a male doll into the store and manipulating it into sexual positions, id. at 2, purposefully and repeatedly touching the plaintiff's genitals and "mak[ing] an effort to touch [the plaintiff's] buttocks or genital area ***multiple times every shift***," id. at 3. The letter asserted that the plaintiff had reported the conduct to defendant Goodwater, but Panera Bread failed to take appropriate action in a timely manner. Id. at 3. The letter contains detailed accounts of the many instances of alleged harassment by the individual, the plaintiff's repeated reports of the alleged harassment to Goodwater and others, and Panera's alleged failure to

2

respond (other than Goodwater's telling the plaintiff that she would have to speak to her own supervisor). Id. at 3-5. The letter also alleged that a second individual engaged in threatening and unprofessional behavior toward the plaintiff—throwing things and yelling. Id. at 5-6. The plaintiff also alleges that Panera Bread reduced his hours in retaliation for his complaints about this individual's conduct. Id. at 6. The plaintiff says he was forced to leave Panera Bread because of the reduction in hours and the emotional toll of the harassing conduct. Id. at 6-8.

Over the next month—October 2021—the plaintiff twice amended the complaint. Dkt. Nos. 6, 8. The first amended complaint, filed October 8, 2021, included no facts. It was, for the most part, blank except for the "Relief Wanted" section, in which the plaintiff stated that he'd realized after he submitted his "first" packet "for the judges review" that in the statement of claim section, he had wanted to list—termination, failure to promote, "unequal terms & conditions," retaliation, hostile work environment, age. Dkt. No. 6 at 5. The second amended complaint, filed on a form titled "Complaint and Request for Injunction," did not state any claims; it expressed the plaintiff's dissatisfaction with the settlement amount offered by the defendants' attorney. Dkt. No. 8.

On October 28, 2021, Magistrate Judge William E. Duffin granted the defendant's motion to proceed without prepaying the filing fee. Dkt. No. 9. As required by 28 U.S.C. §1915(e), Judge Duffin also screened the complaints to determine whether they were frivolous or malicious, stated claims for which a

3

federal court could grant relief or sought monetary relief against a defendant who was immune from such relief. Id. at 2. Judge Duffin explained that amended complaints supersede any prior complaints, and thus that under normal circumstances, the second amended complaint would be the operative pleading because it would have superseded the two prior complaints. Id. at 4. Judge Duffin pointed out, however, that the second amended complaint did not comply with the caselaw or this court's Civil Local Rule 15(a)—it did not reallege the claims from the original or amended complaints. Id. at 4-5. Judge Duffin reviewed the differences among the original, the amended and the second amended complaint, noting that they named different defendants and contained different information. Id. at 5. Judge Duffin concluded that because the operative complaint—the second amended complaint—did not contain any factual allegations, he would treat the original complaint (with the modifications in the amended complaint) as the operative complaint, so that the plaintiff would not be forced to abandon his substantive claims. Id. at 6.

Next, Judge Duffin recounted that a plaintiff has ninety days from the date on which he receives a Notice of Right to Sue to bring either a Title VII or an ADEA lawsuit. Id. at 7. He also noted that under the Wisconsin Fair Employment Act, the plaintiff was required to file suit within 300 days of any incident. Id. at 8. The plaintiff had received his Notice of Right to Sue on November 30, 2018 but had not filed his lawsuit until October 6, 2021—well over ninety days later and more than 300 days after the last date he reported being subject to harassment. Id. at 8. Even so, Judge Duffin said that equitable

4

tolling might save the lawsuit if the plaintiff could show that he had been pursuing his rights diligently and that some extraordinary circumstance had prevented him from filing the suit by the deadlines required by the statutes. Id. 8-9. Judge Duffin ordered that the plaintiff could amend his complaint to show that he was entitled to equitable tolling, but that he had to do so by December 6, 2021. Id. at 9.

On November 8, 2021, the court received a letter from the plaintiff addressed to Judge Duffin. Dkt. No. 10. The letter—often difficult to follow—asserted that administrative law judges did not exist and that hearings before such officials were invalid. Id. at 1-2. The plaintiff appears to have perceived Judge Duffin's order allowing him to amend his complaint as a "lambasting" and a criticism of plaintiffs who represent themselves. Id. at 5. At the end of the letter, just prior to his signature, the plaintiff wrote in bolded, capital letters, "Motion for Equitable Estoppel Against Panera Bread Co." Id.

On December 16, 2021, Judge Duffin issued a report recommending to this court that it dismiss the plaintiff's claims. Dkt. No. 11. Judge Duffin described the history of the case up to that point, noting that he had ordered the plaintiff to file an amended complaint by December 6, 2021, "adding any allegations that show he is entitled to equitable tolling." Id. at 3. Judge Duffin stated that the plaintiff had not filed an amended complaint, but because the plaintiff had filed a letter, Judge Duffin reviewed the November 8, 2021 letter as if it were an amended complaint. Id. Presumably Judge Duffin thought it possible that the letter might have contained facts that could have shown that

5

the plaintiff was entitled to equitable tolling—perhaps a description of some event that prevented the plaintiff from timely filing his complaint.

Judge Duffin found, however, that the letter constituted a criticism of administrative law judges. Id. at 3-4. He concluded:

> As understandable as [the plaintiff's] frustrations may be, they do not show that he is entitled to equitable tolling. In short, nothing in his letter shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Therefore, he is not entitled to equitable tolling and his claims under Title VII, the ADEA, and the WFEA must be dismissed.

Id. at 11.

The plaintiff timely filed an objection to Judge Duffin's recommendation. Dkt. No. 12. The objection states:

> I recently was invited to appeal charge #21-c-1153 from Magistrate Duffin. To cut to the chase, Kevin Gleason from the E.E.O.C. had explained to me that a "work sharing" agreement is defered [sic] vis-à-vis to the ALJ & EEOC. When I filed my charge, Judge Pepper, in March of 2017 the administrative appointments clause was satisfied. This, in turn, nulled any proceeding before, after, during my charge. In effect, this was only the E.E.O.C. as a main body. On December 15, 2017, R. Alexander Acosta wrote Judge Henly (Chief Administrative Judge) stopping any and all ALJ proceedings violating the U.S. Constitution. I will send you the letter if you wish. Mr. Acosta is the Head of the Department of Labor.

Dkt. No. 12.

This district court reviews *de novo* any portion of a magistrate judge's recommendation to which the plaintiff files a timely objection. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). The court may accept, reject or modify, in

6

whole or in part, the magistrate judge's recommendation. 28 U.S.C. §636(b)(1). The court will adopt Judge Duffin's recommendation.

The plaintiff has filed three separate complaints—four, if the court considers the letter that Judge Duffin construed as the amended complaint. Dkt. Nos. 1, 6, 8, 10. Like Judge Duffin, this court will consider the factual claims in the original complaint, even though it has been superseded at least twice, because if the court treated the original complaint as having been superseded, there would be no facts for the court to review at all.

The letter from Attorney Wetzal asserted that the plaintiff's employment with Panera Bread ended in April 2017. Dkt. No. 1-3 at 2. With the original complaint, the plaintiff filed his Notice of Right to Sue, which was dated November 30, 2018. Dkt. No. 1-4. The notice advised the plaintiff that he could file a lawsuit in federal or state court but advised him that the lawsuit had to be filed within ninety days of his receipt of the notice "or [his] right to sue based on this charge will be lost." Id.

The law required the plaintiff to file his Title VII and ADEA claims in federal or state court within ninety days of his receipt of the Notice of Right to Sue. See Stumm v. Wilkie, 796 F. App'x 292, 295-96 (7th Cir. 2019); Grzanecki v. Bravo Cucina Italiana, 408 F. App'x 993 (7th Cir. 2011); 42 U.S.C. §2000e-5(f)(1). The law required him to bring his state-law, WFEA claim within 300 days of any incident—in this case, within 300 days of April 2017. Wis. Stat. §111.39(1). The plaintiff filed this case in federal court on October 6, 2021—almost three years after he received the Notice of Right to Sue and almost four

7

and a half years—around 1,620 days—after his employment with Panera ended. The plaintiff's complaint was not timely filed.

The Seventh Circuit has held that while "dismissing an action as untimely at the pleading stage is unusual, . . . a district court may so proceed under Rule 12(b)(6) if the plaintiff pleads [himself] out of court by making allegations that conclusively establish the action's untimeliness." Grzanecki, 408 F. App'x at 996 (quoting Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674-75 (7th Cir. 2009) (citations omitted)); Weatherall v. Bread, No. 20-CV-863-JPS, 2020 WL 6741777, *3 (E.D. Wis. Nov. 17, 2020)). The facts alleged in Attorney Wetzel's letter, and the date on the Notice of Right to Sue, conclusively establish that the plaintiff's lawsuit was not timely filed. He has pled himself out of court unless he can demonstrate that the doctrine of equitable tolling applies.

Equitable tolling "'is reserved for situations in which the claimant has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time'" Lax v. Mayorkas, 20 F.4th 1178, 1183 (7th Cir. 2021) (quoting Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 850 (7th Cir. 2001)) (quotation marks omitted). The letter the court received on November 8, 2021 does not allege facts that show that equitable tolling applies. The letter did not state that the plaintiff had mistakenly filed his lawsuit in the wrong court or otherwise made a good faith error. The letter did not describe any extraordinary event that prevented the plaintiff from timely filing the lawsuit. The plaintiff appears to believe that

8

the administrative process is not valid. He is entitled to that view, but that is not a basis for applying the doctrine of equitable tolling. Only if the plaintiff had demonstrated that in the years since the termination of his employment and his receipt of the Notice of Right to Sue he had been diligently pursuing his legal rights, yet had been prevented from timely filing his complaint by some extraordinary event or circumstance, could the court have applied the doctrine to excuse the untimely filing of the complaint. The plaintiff has not demonstrated those facts.

Because the court must dismiss the plaintiff's case as untimely filed, the court will deny as moot his motion for service of process and his motion to appoint counsel.

The court **ADOPTS** Judge Duffin's recommendation to dismiss the plaintiff's complaint as untimely filed. Dkt. No. 11.

The court **DENIES AS MOOT** the plaintiff's motion for service of process. Dkt. No. 3.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a

9

Case 2:21-cv-01153-PP    Filed 04/27/22    Page 9 of 10    Document 13

party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight (28) days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**